IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **POLLY KELLY and KIERICA COLBERT,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **THE ONE GROUP, LLC; THE WILLIAM BREMAN JEWISH HOME, INC.;** <br><br> **Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Polly Kelly ("Kelly") and Kierica Colbert ("Colbert") (collectively "Plaintiffs") bring this Complaint against Defendants The One Group, LLC, (One Group") and The William Breman Jewish Home, Inc., ("Breman") (collectively "Defendants") and shows the Court as follows:

**INTRODUCTION**

1.

Kelly and Colbert are former employees of Defendants. They bring this action because Defendants failed to pay them an overtime premium for work in excess of forty hours a week in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("the FLSA") and 29 C.F.R. 552.109.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because the corporate Defendants' principle offices are located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Kelly resides in Fulton County, Georgia.

5.

At all times material hereto, Kelly was an "employee" of One Group as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

Colbert resides in DeKalb County, Georgia.

7.

At all times material hereto, Colbert was an "employee" of One Group as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

One Group is a for-profit limited liability company organized under the laws of the State of Georgia.

9.

At all times material hereto, One Group was an "employer" of Kelly and Colbert as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

10.

One Group is subject to the personal jurisdiction of this Court.

11.

One Group may be served with process through its registered agent Cohen Pollock Merlin & Small, P.C., 3350 Riverwood Pkwy, Suite 1600, Atlanta, Georgia 30339.

12.

Breman is a for-profit corporation organized under the laws of the State of Georgia.

13.

At all times material hereto, Breman was an "employer" of Kelly and Colbert as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.

Breman is subject to the personal jurisdiction of this Court.

15.

Breman may be served with process through its registered agent Cohen Pollock Merlin & Small, P.C., 3350 Riverwood Pkwy, Suite 1600, Atlanta, Georgia 30339.

**ENTERPRISE COVERAGE:**

16.

At all times material hereto, One Group was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

During 2015, One Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2016, The One Group had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2015, One Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, One Group had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

At all times material hereto, two or more One Group employees, including Kelly and Colbert, used or handled items that moved in interstate commerce and are necessary for performing One Group's commercial purpose including office machines, furniture, cell phones, automobiles, gasoline, automobile oil, paper, computers, medication, and medical devices.

22.

During 2015, One Group had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, One Group will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, One Group has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

At all times material hereto, Breman was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

During 2015, Breman had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Breman had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Breman had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, Breman had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, two or more Breman employees, including Kelly and Colbert, used or handled items that moved in interstate commerce and are necessary for performing Breman's commercial purpose including office machines, furniture, cell phones, automobiles, gasoline, automobile oil, paper, computers, medication and medical devices.

31.

During 2015, Breman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

During 2016, Breman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

At all times material hereto, Breman has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

34.

At all times material hereto, Defendants provided services which provided fellowship, care and protection for persons who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs.

35.

At all times material hereto, Defendants provided "companionship services" within the meaning of 29 C.F.R. 552.6.

36.

At all times material hereto, Defendants provide companionship services within the meaning of Section 13(a)(15) of the FLSA.

37.

At all times material hereto, Defendants were "third-party employers" of Kelly and Colbert within the meaning of 29 C.F.R. 552.109.

38.

Defendants employed Kelly as a caregiver and as a staffing coordinator in and around Atlanta, Georgia from approximately August 20, 2015 through June 3, 2016.

39.

Defendants employed Colbert as a caregiver and as a staffing coordinator in and around Atlanta, Georgia from approximately March 25, 2015 through May 31, 2016.

40.

In their roles as caregivers, Kelly and Colbert assisted Defendants' clients with activities of daily living, including dressing, grooming, bathing, bed making, laundering, grocery shopping and transportation.

41.

In their roles as staffing coordinators, Kelly and Colbert occasionally worked on nights and weekends as directed by Defendants.

42.

At all times material hereto, Defendants compensated Kelly on an hourly basis.

43.

At all times material hereto, Defendants compensated Colbert on an hourly basis.

44.

At all times material hereto, Defendants did not employ Kelly in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Defendants did not employ Colbert in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Defendants did not employ Kelly in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

47.

At all times material hereto, Defendants did not employ Colbert in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

48.

At all times material hereto, Defendants did not employ Kelly in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, Defendants did not employ Colbert in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

50.

At all times material hereto, Kelly regularly worked more than forty hours per week.

51.

At all times material hereto, Kelly was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

52.

At all times material hereto, Kelly was not exempt from the maximum hour requirements of the FLSA by reason of any exemption with respect to her staffing coordinator work.

53.

Defendants failed to pay Kelly an overtime premium for time worked in excess of 40 hours during any work week of her employment.

54.

At all times material hereto, Colbert regularly worked more than forty hours per week.

55.

At all times material hereto, Colbert was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

56.

At all times material hereto, Colbert was not exempt from the maximum hour requirements of the FLSA by reason of any exemption with respect to her staffing coordinator work.

57.

Defendants failed to pay Colbert an overtime premium for time worked in excess of 40 hours during any work week of her employment.

58.

Defendants regularly manipulated their payroll data and check stubs to reduce the actual work time of Kelly and Colbert in order to avoid the FLSA overtime requirements.

59.

For example, Defendants frequently paid Plaintiffs for hours worked over 40 via untrue "mileage reimbursements".

**COUNT I - FAILURE TO PAY OVERTIME**

60.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

61.

At all times material hereto, Plaintiffs have been employees covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

62.

During their employment by Defendants, Kelly and Colbert regularly worked in excess of forty (40) hours per week.

63.

Defendants failed to pay Kelly and Colbert at one and one half times their regular hourly rate for time worked in excess of forty (40) hours per week.

64.

Defendants willfully failed to pay Kelly and Colbert at one-and-one-half times their regular hourly rate for every hour worked in excess of forty (40) hours per week.

65.

Kelly and Colbert are entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

As a result of the underpayment of overtime compensation as alleged above, Kelly and Colbert are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

As a result of the underpayment of overtime compensation as alleged above, Kelly and Colbert are entitled to their litigation costs, including their reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded costs of litigation, including their reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS*
*FITZPATRICK & BENJAMIN, LLC*

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
benjamin@dcbflegal.com

*/s/Charles R. Bridgers*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*/s/ Mitchell D. Benjamin*
MITCHELL D. BENJAMIN
GA. BAR NO. 049888

COUNSEL FOR PLAINTIFFS